■ BANCO NACIONAL ULTRAMARINO, S. A., Appellant, v MARIA F. CHAN et al., Defendants, and MONEYCENTER TRUST Co., LTD., et al., Respondents. [677 NYS2d 567] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered December 23, 1997, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its cause of action for conversion against defendants Moneycenter Trust Co., Ltd. and Bellview Airlines, Ltd., unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 19, 1998, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

We have previously expressed agreement with the IAS Court's conclusion that the funds at issue in this case were sufficiently identifiable to support a cause of action in favor of the plaintiff bank for conversion (*Banco Nacional Ultramarino v Moneycenter Trust Co.*, 240 AD2d 253, *affg for reasons stated at* 169 Misc 2d 182). However, since plaintiff bank voluntarily relinquished the funds in question by making payment on certain checks—albeit checks drawn against bogus accounts funded by means of the fraud of plaintiff's employee—defendants-respondents may, if they can demonstrate that they were in fact good faith purchasers in the subject currency exchange transactions, interpose an estoppel against plaintiff bank's title pursuant to UCC 2-403 (1) (d). Since there are factual questions respecting whether defendants-respondents

acted in good faith, summary judgment was properly denied. Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.